[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16238
Non-Argument Calendar

_____

D. C. Docket No. 06-00817-CV-IPJ-TMP

CARL ANGELO GREEN,

Petitioner-Appellant,

versus

JAMES HAYES,
ATTORNEY GENERAL OF THE
STATE OF ALABAMA, THE

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 26, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

On April 12, 2006, in the Circuit Court of Etowah County, Alabama, a jury

convicted petitioner of aggravated stalking[1] and the court sentenced him to prison for a term of ten years. He timely appealed his conviction to the Alabama Court of Criminal Appeals, and while his appeal was pending, he petitioned the United States District Court for the Northern District of Alabama for a writ of habeas corpus. His petition stated that, prior to standing trial for aggravated stalking, he had been convicted in "misdemeanor cases" in the "Gadsden City Court" of "domestic violence" and that those misdemeanor cases involved the "same evidence" and "same witnesses" the State used to obtain his conviction for aggravated stalking. Because the State had already used such evidence to obtain the misdemeanor convictions, he contended, the State was barred by the Double Jeopardy Clause (as applied to the States under the Fourteenth Amendment) from prosecuting him on the aggravated stalking charge.

The district court correctly noted that petitioner's habeas petition was premature and therefore dismissed it without prejudice. At the same time, the court granted petitioner a certificate of appealability (COA) on the issue of whether petitioner's double jeopardy claim was exhausted.

We affirm the district court's judgment dismissing the petition without prejudice. At the time the district court entered its order, petitioner's appeal was

_____

[1] See Ala. Code § 13A-6-91 (1975).

2

still pending; thus, the district court could not have known the disposition the Alabama Court of Criminal Appeals may have made of petitioner's double jeopardy claim.  Accordingly, the COA should not have been entered.

The district court's dismissal of the instant petition without prejudice is AFFIRMED.